Brian P. Scibetta, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
(973) 643-5679
*Attorneys for Plaintiff Jomas Arrington*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOMAS ARRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLESEX COUNTY JAIL; CENTER FOR FAMILY GUIDANCE; MICHAEL OJELADE; FRANCESCO RUSSO; SANDY EVELYN; DR. MARGARET DOE; and MIDDLESEX COUNTY FREEHOLDERS,<br><br>Defendants, | Civil Action No. 13-1400-MAS-DEA<br><br>District Judge Michael A. Shipp<br>Magistrate Judge Douglas E. Arpert<br><br>Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss |

Plaintiff Jomas Arrington ("Plaintiff") submits this brief in support of his opposition to defendants Center for Family Guidance, PC, improperly pled as Center for Family Guidance ("CFGPC"), Michael Ojelade, Francesco Russo, Sandy Evelyn, and Margaret Hudak's (collectively, the "CFG Defendants") motion to dismiss for plaintiff's failure to serve an affidavit of merit pursuant to N.J.S.A. 2A:53A-27 and for noninvolvement pursuant to N.J.S.A. 2A:53A-40.

### STATEMENT OF RELEVANT FACTS

**Plaintiff's Injuries**

Plaintiff is currently incarcerated in Middlesex County Correctional Facility (the "Middlesex Facility") and has been so for the entirety of the events that comprise the subject matter of this action. Certification of Jomas Arrington ("Arrington Cert."), dated February 24,

2014, at ¶ 2. On April 18, 2012, he sustained injuries to his knee, ankle, and back when he slipped and fell at the Middlesex Facility. He still suffers intense pain and swelling in my left knee to this day. Id. at ¶ 3. After suffering these injuries, he received treatment on several occasions from nurses and physicians employed by what he believed to be CFG. Id. at ¶ 4. CFG now asserts that that the entity which provided Plaintiff with medical treatment was CFG Health Systems, LLC ("CFG Health," and collectively with CFGPC, "CFG")

To obtain medical treatment from April 2012 through the present for these injuries, Plaintiff would fill out inmate requests for medical services, which he did so numerous times. Id. at Ex. A; see also Certification of Jeffrey S. McClain ("McClain Cert."), dated February 19, 2014, at Ex. F. At times he was granted permission to see what he believed to be CFGPC nurses and doctors, but often these requests were ignored. He was prescribed medication by CFG, which sometimes slightly eased the pain and swelling in his left knee. However, all medication that was prescribed to him by CFG personnel ultimately proved ineffective. He conveyed that to CFG personnel, including some of the CFG Defendants. Arrington Cert., Ex. B; McClain Cert. at Ex. F.

Finally, after over a year of suffering, and medications and treatment that failed to rectify the issue, CFG permitted an x-ray and MRI to be performed upon Plaintiff's left knee by a third-party in May 2013 and June 2013, respectively. Arrington Cert., Ex. C. Although the x-ray and MRI came back negative for any tears or damaged ligaments, the pain and swelling persisted. Plaintiff was prescribed amoxicillin and ibuprofen by CFG, neither of which helped the problem. Id. at Ex. B.

In August 2013, Plaintiff was finally permitted to undergo an examination at Robert Wood Johnson University Hospital ("RWJ"). Id. at Ex. D. He complained to their medical staff

2

that he had a meniscal tear and that his knee pain and swelling persisted in spite of what CFG believed to be "treatment" for him. The medical staff at RWJ determined that Plaintiff needed physical therapy and medication that CFG was not currently prescribing in order for his knee to return to full health. Id. at Ex. D. CFG denied Plaintiff the treatment prescribed by the medical staff of RWJ. He has requested physical therapy and the proper medication time and time again since August 2013, but his requests continue to be denied. Id. at ¶¶ 11-12.

**Affidavit of Merit**

Plaintiff instituted this action as a *pro se* plaintiff on January 8, 2013 in the Superior Court of New Jersey. It was subsequently removed by the CFG Defendants to the United States District Court for the District of New Jersey on March 6, 2013. Arrington Cert., ¶ 14. At that time, Plaintiff was incarcerated at Middlesex Facility and his communication abilities with the outside and freedom on the inside were both severely restricted. He had no access to any medical staff outside of the CFG personnel he is on rare occasion permitted to see. Id. at ¶ 16. CFG is a named defendant in his lawsuit. Accordingly, obtaining an affidavit of merit (that would satisfy the requirements of the New Jersey Affidavit of Merit Statute, N.J.S.A. 2A:53A-26, et. seq.) from any CFG personnel was an impossibility. Despite that, on August 5, 2013, Plaintiff submitted an affidavit of merit that complied with the statute's requirements to the best of his abilities to do so given his circumstances. Id. at ¶ 17; McClain Cert., Ex. F.

In August 2013, Plaintiff was appointed pro bono counsel by the Court. On August 28, 2013, Plaintiff's pro bono counsel filed a notice of appearance. Certification of Brian P. Scibetta ("Scibetta Cert."), dated March 21, 2014, at ¶ 2. At that time, Plaintiff's statutory period to file an Affidavit of Merit had already expired as of May 7, 2013, and as of July 8, 2013 had there been the statutorily permissible extension of time. Id. at ¶ 3. On February 20, 2014, Robert

3

Wood Johnson University Hospital ("RWJ") finally disclosed Plaintiff's medical records, which are vital to this case. Plaintiff's counsel initially requested these records in mid-November 2013 and then re-requested them in January 2014 when RWJ failed to send them. Id. at ¶ 8. Only on that date, February 20, 2014, and for the first time, did Plaintiff's counsel have complete medical records for Plaintiff from the time of his injury. Plaintiff's counsel am currently in the process of hiring a medical expert to examine Plaintiff and his medical records. Id. at ¶ 9.

**Plaintiff Reasonably Names "Center for Family Guidance" as Defendant**

When Plaintiff commenced this lawsuit, he had no way to know that CFG Health rather than CFGPC was the correct entity to name in the lawsuit as CFG alone possessed that information and they were not likely to share it with an inmate that had sued them. While the Complaint names "Center for Family Guidance" as defendant, Plaintiff's affidavit of merit refers to "CFG Health Systems, LLC," which underscored his confusion regarding whether or not this was the same entity. Arrington Cert., ¶¶ 4, 18.

On November 8, 2013 Plaintiff's counsel served CFG with document requests and interrogatories. Scibetta Cert., ¶ 4, Ex. A. Plaintiff's counsel did not receive responses from CFG to the document requests and interrogatories until January 30, 2014. Id. at ¶ 5, Ex. B. Prior to this date, Plaintiff's counsel had no way to determine that Center for Family Guidance, PC was not the entity that provided medical care to the inmates, including Plaintiff, at the Middlesex Facility. Upon receipt of CFG's interrogatory responses and document production, Plaintiff's counsel first became aware that an entity named CFG Health Systems, LLC, may be the entity providing medical care to the inmates at the Middlesex Facility. Id. at ¶¶ 6-7.

Upon information and belief, Center for Family Guidance, PC and CFG Health Systems, LLC are affiliated entities that share the same or overlapping personnel and management. Upon

4

information and belief, the individual CFG Defendants are all either employed by, work as independent contractors for, or are similarly affiliated with CFG Health Systems, LLC.

## ARGUMENT

### I. THE REQUIREMENT OF THE AFFIDAVIT OF MERIT SHOULD BE WAIVED UNDER THESE CIRCUMSTANCES

Plaintiff concedes that his submitted affidavit of merit on August 5, 2013 did not fulfill the requirements of the New Jersey Affidavit of Merit Statute (the "Statute"), N.J.S.A. 2A:53A-26, et. seq. However, under these unusual circumstances, the Court should consider waiving that requirement. During the time within which Plaintiff could have complied with the requirements of the Statute, he was incarcerated at Middlesex Facility and appearing in this action *pro se*. As such, his communications and freedoms were severely restricted. He had no way to contact outside medical personnel whom could have sworn to a conforming affidavit of merit for him. In fact, Plaintiff only had very infrequent access to medical personnel employed by or affiliated with CFG, whom would have no incentive to assist Plaintiff with his lawsuit against their employer. Arrington Cert., ¶¶ 15-16. Plaintiff also had no counsel on the outside to assist him at that juncture.

Due to his incarceration, lack of resources, and lack of counsel, Plaintiff would have been unable to comply with the Statute. Accordingly, its requirements should be waived and he should be permitted to proceed with his medical malpractice claim, including engaging an independent medical expert who can attest to his malpractice claim. However, if the Court does elect to dismiss the malpractice claim as to the CFG Defendants, Plaintiff should still at the very least be afforded the opportunity to proceed against them on his other claim for denial of his Constitutional rights under 42 U.S.C. § 1983.

## II. PLAINTIFF SHOULD BE PERMITTED TO AMEND HIS COMPLAINT TO NAME THE CORRECT CFG ENTITY

CFG's next tactic is to seek outright dismissal altogether from this action because Plaintiff, an incarcerated person with limited access to documents and information, inadvertently named the wrong, yet affiliated, CFG entity. CFG's position is absurd given the facts. Even after Plaintiff was appointed pro bono counsel, counsel for CFG did not disclose for 5 months that the incorrect CFG entity had been named by Plaintiff in the Complaint. Scibetta Cert., ¶¶ 4-6. Plaintiff has good reason to believe that Center for Family Guidance, PC and CFG Health Systems, LLC are affiliated entities that share the same or overlapping personnel and management. Plaintiff also has good reason to believe that the individual CFG Defendants are all either employed by, work as independent contractors for, or are similarly affiliated with CFG Health Systems, LLC.

Quite simply, CFG was not prohibited or prejudiced in any way by Plaintiff's naming of an allegedly incorrect CFG entity because CFG Health Systems, LLC would have been represented by the same counsel and proceeded through discovery in the same manner. This is CFG's attempt to escape this lawsuit through the backdoor, and with good reason. After all, while Plaintiff suffers in pain locked up in Middlesex Facility, it is defendant Middlesex County Jail and CFG's staffs who continue to deny him the physical treatment and medication that the doctors from third-party RWJ prescribed for his knee injury to heal. Arrington Cert., ¶¶ 10-12. Moreover, CFG presents this tactic to the Court in an effort to prevent Plaintiff from even deposing any of its staff and forcing them to, under oath, testify to the treatment he is or is not receiving. In accordance with this tactic, CFG's counsel sent a letter to Plaintiff's counsel shortly after filing this motion informing Plaintiff that there would be no CFG representative made available for deposition. Scibetta Cert., ¶¶ 10-11, Ex. C. CFG does not want to be

6

deposed and forced to answer why Plaintiff suffers and is being denied medical treatment, and the "wrong entity" argument is its apparent avenue to achieve that end.

In the event the Court is inclined to entertain CFG's attempt to escape this lawsuit through the backdoor, Plaintiff requests that he be allowed to amend the Complaint to name CFG Health Systems, LLC rather than Center for Family Guidance. Under FED. R. CIV. P. 15, a party may amend its pleading upon leave of the Court, which should be freely given "when justice so requires." This Court has stated that in "the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --the leave sought should, as the rules require, be 'freely given.'" Koch Materials Co. v. Shore Slurry Seal, Inc., 216 F.R.D. 301, 305 (D.N.J. 2003). Here, the facts demonstrate that Plaintiff's error was in good faith and the complaint has not been previously amended. Nor will the CFG Defendants be prejudiced in any way for the aforementioned reasons.

Lastly, Plaintiff is not asking for judgment at this stage against CFG, he is merely asking to be able to proceed through discovery against the proper CFG entity and its identical counsel. CFG will suffer no prejudice as it already has engaged counsel and is actively defending the case. Justice requires that Plaintiff be allowed to depose a CFG representative and try to prove his case against them.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny the CFG Defendants' motion in its entirety. In the event that the Court grants dismissal as to the CFG Defendants based upon Plaintiff's naming of the incorrect CFG entity, Plaintiff requests that the Court grant him leave to amend the Complaint to name the correct CFG entity, CFG Health Systems, LLC.

Respectfully submitted,

Dated: March 21, 2014

SILLS CUMMIS & GROSS P.C  
*Attorneys for Plaintiff Jomas Arrington*

By: _____  
Brian P. Scibetta