**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOMAS ARRINGTON, | : |
| Plaintiff, | : Civil Action No. 13-1400 (MAS) (DEA) |
| v. | : |
| MIDDLESEX COUNTY JAIL, *et al.*, | : **MEMORANDUM OPINION** |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants'[1] Motion to Dismiss this action for failure to state a claim of medical malpractice because Plaintiff did not serve an Affidavit of Merit as required under N.J.S.A. 2A:53A-29, and because Defendant Center for Family Guidance ("CFG") had no involvement, pursuant to N.J.S.A. 2A:53A-40(a). (ECF No. 37.) The Court has carefully considered the Parties' submissions and arguments. For good cause shown, the motion is denied in part and granted in part.

**I.    Background**

Plaintiff, Jomas Arrington, is a state inmate currently confined at the Middlesex County Correctional Facility ("MCCF") in New Brunswick, New Jersey. The incidents at issue in this action occurred during Plaintiff's incarceration at MCCF.

On or about January 8, 2013, Arrington filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, alleging that the CFG Defendants committed medical

---

[1] The moving Defendants are Center for Family Guidance, Francesco Russo, Margaret Hudak (incorrectly identified as Dr. Margaret Doe), Michael Ojelade and Sandra Evelyn, and hereinafter shall be referenced as the "CFG Defendants."

Case 3:13-cv-01400-MAS-DEA Document 46 Filed 09/11/14 Page 2 of 11 PageID: 385

malpractice and violated his constitutional rights by failing to provide adequate medical care and refusing to treat Plaintiff. More specifically, Plaintiff alleges that, on April 18, 2012, he suffered injuries to his left knee, ankle and back after a slip and fall at MCCF. He received treatment and medication on several occasions from nurses and doctors employed by the Center for Family Guidance ("CFG"), but the intense pain and swelling in his left knee persisted.

Plaintiff further states that, from April 2012 through to the present, he would submit numerous inmate requests for medical services. On occasion, he would be allowed to see doctors and nurses whom he believed were employed by CFG, but more often his requests were ignored. The medication that had been prescribed for him had proved ineffectual in reducing the swelling or pain in his left knee. After more than a year of inadequate care, an x-ray and MRI was scheduled, and in May and June 2013, these tests proved negative for any tears of ligament damage. Plaintiff's swelling continued and the prescribed amoxicillin and ibuprofen did not provide any relief.

In August 2013, Plaintiff was examined by the medical staff at Robert Wood Johnson University Hospital ("RWJ"), and was prescribed physical therapy and medication for his knee. However, Plaintiff alleges that this prescribed treatment has been and continues to be denied to him.

On March 6, 2013, the CFG Defendants removed Plaintiff's action to this federal court, and filed an answer to the Complaint with affirmative defenses and cross claims on March 8, 2013. (ECF Nos. 1, 2.) A Scheduling Order was entered on March 18, 2013, by the Honorable Douglas E. Arpert, U.S.M.J., setting a discovery deadline of December 13, 2013, and proposed pretrial orders due on February 10, 2014 and May 3, 2014, by Plaintiff and all Defendants, respectively. (ECF No. 4.) On May 13 and 22, 2013, Plaintiff filed an application for

appointment of pro bono counsel. (ECF Nos. 10, 16.) On July 31, 2013, Judge Arpert granted the motion for appointment of counsel. (ECF No. 27.) On August 5, 2013, Judge Arpert appointed the law firm of Lerner David Littenberg Krumholz & Mentlik, LLP ("Lerner David") to represent Plaintiff as pro bono counsel. (ECF No. 29.) That same date, an Affidavit of Merit was filed by Plaintiff. (ECF No. 30.) In his Affidavit, Plaintiff first identifies CFG Health Systems, LLC, as the agency providing medical care at the MCCF. (*Id.*) Thereafter, on August 23, 2013, Lerner David withdrew as counsel for Plaintiff and the law firm of Sills Cummis & Gross P.C. was appointed as pro bono counsel. (ECF No. 32.)

On November 8, 2013, Plaintiff's counsel served discovery requests and interrogatories on Defendant CFG. Also in November 2013, Plaintiff's counsel requested Plaintiff's medical records from RWJ. When the records were not forthcoming, counsel submitted another request for Plaintiff's medical records in January 2014. RWJ provided Plaintiff's medical records to Plaintiff's counsel on February 20, 2014. On January 30, 2014, Plaintiff's counsel received the discovery responses from Defendant CFG and learned that CFG, PC was not the entity providing medical care at MCCF. Instead, it was discovered that CFG Health Systems, LLC was the entity providing medical care to inmates at MCCF.

On February 19, 2014, the CFG Defendants filed this motion to dismiss. (ECF No. 37.) An opposition brief was filed by Plaintiff's counsel on March 21, 2014. (ECF No. 40.) On March 24, 2014, a reply brief was filed by the Moving Defendants. (ECF No. 41.) On May 15, 2014, Judge Arpert issued a Letter Order extending the deadline for Plaintiff to submit affirmative expert disclosures and reports in this matter from July 15, 2014 to a date 30 days beyond the date of the Court's issuance of an Order with respect to CFG Defendants' pending motion to dismiss. (ECF No. 43.)

## II. Parties' Positions

The CFG Defendants assert that Plaintiff failed to file an Affidavit of Merit as required by New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-29. Accordingly, the CFG Defendants argue that Plaintiff's claims asserting medical malpractice against the CFG Defendants must be dismissed with prejudice for failure to state a claim. Moreover, CFG Defendants argue that all claims asserted by Plaintiff against Defendant CFG must be dismissed for non-involvement pursuant to N.J.S.A. 2A:53A-40(a).

Plaintiff counters that the motion to dismiss should be denied because he is entitled to a waiver of the Affidavit of Merit requirement under exceptional circumstances. He also argues that he should be permitted to amend his Complaint to name CFG Health Systems, LLC as the correct party defendant.

## III. Legal Standard & Analysis

The CFG Defendants assert that this action must be dismissed because Plaintiff failed to serve an Affidavit of Merit as required by N.J.S.A. 2A:53A-29 ("If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action."). Specifically, this statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular

4

expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J.S.A. 2A:53A-27. However, under certain circumstances, a sworn statement by the plaintiff may be provided in lieu of an affidavit of merit. N.J.S.A. 2A:53A-28.[2]

The affidavit of merit statute therefore requires "plaintiffs to make a threshold showing" of merit, *Vitale v. Carrier Clinic, Incorporated*, 409 F. App'x 532, 533 (3d Cir. 2010) (citation omitted), in order "'to dispose of meritless malpractice claims early in the litigation'" and "'to allow meritorious claims to move forward unhindered.'" *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (quoting *Burns v. Belafsky*, 166 N.J. 466, 766 A.2d 1095, 1099 (2001)). *See also Fontanez v. U.S.*, --- F. Supp.2d ----, 2014 WL 2608386, *2 (D.N.J. May 30, 2014). The affidavit of merit statute also requires that the affidavit be filed within sixty days of the answer, but permits an extension of time "not to exceed [sixty] days" for "good cause[.]" N.J.S.A. 2A:53A-27.

Failure to file a timely affidavit of merit generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum–Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. 2A:53A–29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit). However, "four limited exceptions[,]" where applicable, excuse a plaintiff's failure to comply with the affidavit of merit

---

[2] N.J.S.A. 2A:53A-28 provides: "An affidavit shall not be required pursuant to section 2 of this act if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request."

statute. *Nuveen*, 692 F.3d at 305. The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii)" an exception predicated upon "substantial compliance with the affidavit-of-merit requirement;" or (iv) "'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

Plaintiff argues that his medical malpractice claim should not be dismissed for failure to file an Affidavit of Merit because this failure was due to exceptional circumstances. The Third Circuit has long recognized that a plaintiff's medical malpractice claim need not be dismissed with prejudice if the failure to file an affidavit of merit within the statutory time period was due to extraordinary circumstances. *Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000). Such circumstances must be "exceptional and compelling"; they cannot arise out of an attorney's "mere carelessness or lack of proper diligence." *Id.*; *Allah v. MHSM, Inc.*, Civil No. 07-2916, 2008 WL 5115889, *3 (D.N.J. Dec. 2, 2008). Additionally, the extraordinary circumstances inquiry requires the court to undertake a fact-sensitive, case-by-case analysis. *Mathis v. Pomerentze*, Civil No. 08-6129, 2012 WL 6152126 at*3 n. 7 (D.N.J. Dec. 11, 2012) (citing *Tischler v. Watts*, 177 N.J. 243, 827 A.2d 1036, 1038 (N.J. 2003)).

Here, Plaintiff is a state prisoner incarcerated at MCCF at the time he filed this action in state court on or about January 8, 2013. He was proceeding pro se and attests that he was severely restricted from access to outside medical professionals who could provide a conforming Affidavit of Merit. (ECF No. 40-2, Arrington Cert. at ¶¶ 14-16.) After the CFG Defendants removed this action to federal court on March 6, 2013, Plaintiff requested appointment of counsel on May 13, 2013 and May 22, 2013 (ECF Nos. 10, 16), and his request was granted by order entered on July 2013. (ECF No. 27.) Counsel was appointed on August 5, 2013, and Plaintiff filed an Affidavit of Merit that same date, which he claims substantially complies with

the affidavit-of-merit requirement, namely, giving notice and basis of claim to Defendants. (ECF Nos. 29, 30.)

Thereafter, counsel withdrew and new counsel was appointed on August 23, 2013. (ECF No. 32.) At that time, the statutory period to file an Affidavit of Merit had expired (as of May 7, 2013), and the statutorily permissible extension of time likewise had expired (as of July 8, 2013). (ECF 40-1, Certification of Plaintiff's Counsel Brian P. Scibetta ("Scibetta Cert.") at ¶ 3.) Document requests and interrogatories were served on Defendants in early November 2013, with responses received on January 30, 2014. Additionally, Plaintiff's counsel had been attempting to obtain Plaintiff's medical records from RWJ, which were not forthcoming as requested. (*Id.*, ¶¶4, 5, 8.) Several weeks later, on February 19, 2014, the CFG Defendants filed this motion to dismiss for failure to file an Affidavit of Merit. (ECF No. 37.) Plaintiff's counsel eventually received the RWJ medical records on February 20, 2014, after CFG Defendants filed their motion to dismiss. This was the first time that Plaintiff's counsel had the complete medical records for Plaintiff to make available for medical expert review. Plaintiff's counsel states that the process of hiring a medical expert to examine Plaintiff and his complete medical records and provide a report is now underway. (ECF No. 40-1, Scibetta Cert. at ¶¶ 8, 9.)

This Court finds that Plaintiff presents circumstances unique from those in which courts uniformly reject the application of the extraordinary circumstances exception. For instance, in *Mathis v. Pomerentze*, the court rejected the application of the extraordinary circumstances exception due, in part, to plaintiff's failure to make any efforts to comply with the affidavit of merit statute, nor to demonstrate any other circumstances that "prevented him from submitting an Affidavit of Merit." 2012 WL 6152126 at *3 n. 7. Similarly, in *Stuyvesant v. United States*, Civil No. 05–5254, 2007 WL 1931292 (D.N.J. June 29, 2007), the court denied plaintiff's

7

motion for an extension of the time within which to submit an affidavit of merit (and dismissed plaintiff's claims), where plaintiff proffered only inadvertence and an assertion that his "New York counsel" required "time to review the case files." *Id.* at *4.

However, in *Perez v. Turner*, Civil No. 11–6833, 2013 WL 3216147 (D.N.J. June 25, 2013), the court found circumstances sufficient "to excuse [p]laintiff's failure to timely file an Affidavit of Merit[,]" in light of the four month delay (by no fault of plaintiff) in the appointment of pro bono counsel. *Id.* at *5, *5 n. 4. Likewise, in *Fontanez v. U.S.*, the court noted that plaintiff's "incarceration during the period within which to file a timely affidavit of merit undoubtedly frustrated [his] ability to timely acquire an affidavit of merit," as well as other unique circumstances, which in combination were sufficient to excuse plaintiff's failure and grant him an additional extension of time. 2014 WL 2608386 at *6. The court further remarked that it was not the intent of the legislature to foster gamesmanship and elevate form over substance, but rather to promote a resolution of potentially meritorious claims on the merits. *Id.* (citations omitted). *See also New Hampshire Ins. Co. v. Diller*, 678 F. Supp.2d 288, 313 n. 30 (D.N.J. 2009) (finding dismissal with prejudice to "be unfair and contrary to the purpose of the Affidavit of Merit statute" in light of defendant's delay in raising the affidavit of merit issue; and therefore, dismissing plaintiff's complaint without prejudice, in order to afford plaintiff sixty (60) additional days" to serve an affidavit of merit and "to foster resolution on the merits" of plaintiff's "potentially meritorious claim").

In light of these policies and the unique set of circumstances surrounding Plaintiff's inability to file a timely Affidavit of Merit, this Court concludes that the cumulative impact of Plaintiff's incarceration restricting his access to obtain medical advice, the late appointment of counsel, and the difficulty of counsel in obtaining medical records, suffice to warrant an

extension of time. *See Abraham v. Rothkopf*, Civil No. 07–2254, 2008 WL 3413850, at *4 (D.N.J. Aug. 8, 2008) ("granting plaintiff an extension of time where plaintiff behaved "diligently" and demonstrated "a desire to fulfill the requirements of the affidavit [of] merit statute[,]" rather than "merely 'sleep [ ] on his rights'").

This Court also finds that plaintiff's failure to file an Affidavit of Merit is excused under the related "substantial compliance" doctrine. The doctrine of substantial compliance requires a party to show (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of the petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute. *Abraham*, 2008 WL 3413850 at *2 (citing *Cornblatt v. Barow*, 153 N.J. 218, 239 (1998). The doctrine of substantial compliance similarly requires a "fact sensitive analysis" of the individual case to determine whether the purpose of the statute has been substantially satisfied. *Id.* (citations omitted). *See also Kindig v. Gooberman*, 149 F. Supp.2d 159, 164 (D.N.J. 2001) (noting that the legislature "did not intend the statute to be applied literally and strictly," rather, the court must "'assess the facts against the clearly defined elements to determine whether technical non-conformity is excusable'" (quoting *Galik v. Clara Maass Medical Center*, 167 N.J. 341, 354 (2001)).

Based on the factors discussed above, this Court finds that Plaintiff acted diligently given the restrictive confines of his incarceration and the late appointment of counsel. Plaintiff's counsel actively sought Plaintiff's medical records, which were not received until after Defendants' motion to dismiss was filed. Without complete medical records, Plaintiff was unable to obtain the expert medical advice necessary for an affidavit of merit as contemplated under the statute. Thus, it cannot be said that Plaintiff was "sleeping on his rights." *Abraham*,

2008 WL 3413850 at *4. Moreover, Plaintiff has provided reasonable notice of his claim to the CFG Defendants by his complaint and his later rudimentary affidavit such that the CFG Defendants are not prejudiced by an additional extension of time to allow Plaintiff's compliance with the statute. Indeed, Plaintiff has demonstrated a desire to fulfill the requirements of the affidavit of merit statute. Consequently, this Court concludes that Plaintiff has substantially complied with the Affidavit of Merit statute and that circumstances exist that warrant relaxation of the statutory requirements. The CFG Defendants' motion to dismiss is denied without prejudice accordingly, and Plaintiff shall have 30 days from the date of entry of the accompanying Order to file an Affidavit of Merit that fully complies with the statute.

Finally, CFG asserts that this action should be dismissed, pursuant to N.J.S.A. 2A:53A-40(a), because CFG had no involvement in Plaintiff's medical care at MCCF. Plaintiff argues that the entity providing medical care to inmates at MCCF is CFG Health Systems, LLC, which is affiliated with CFG, and that the individual CFG Defendants are employed or affiliated with CFG Health Systems, LLC. The identity of the proper entity was not made known to Plaintiff's counsel until CFG provided answers to Plaintiff's discovery requests. Accordingly, Plaintiff seeks permission to amend his Complaint to name CFG Health Systems, LLC as the proper defendant.[3]

This Court grants CFG's motion to dismiss this action as against CFG only, as CFG had no involvement in Plaintiff's medical care. Plaintiff is allowed to amend his Complaint, within 30 days from entry of the accompanying Order, to name CFG Health Systems, LLC as a proper defendant in this action.

---

[3] The Court further notes that Plaintiff's effort to take the deposition of a representative of CFG, pursuant to Fed.R.Civ.P. 30(b)(6), which was noticed on January 31, 2014, has been frustrated because CFG refuses to produce a witness due to its motion to dismiss. (ECF No. 40-1, Scibetta Cert., ¶¶10, 11.)

## IV. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that CFG Defendants' motion to dismiss this action for failure to file an Affidavit of Merit is denied. This action is dismissed in its entirety as to Defendant CFG only, and Plaintiff is permitted to amend his Complaint to name CFG Health Systems as the proper entity defendant in this matter. An Order consistent with this opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 9/10/14