**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOMAS ARRINGTON,

Plaintiff,

v.

MIDDLESEX COUNTY JAIL, *et al.*,

Defendants.

Civil Action No. 13-1400 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants'[1] Motion for reconsideration (ECF No. 48) of this Court's September 11, 2014 Memorandum Opinion and Order denying Defendants' motion to dismiss this action for failure to state a claim of medical malpractice because Plaintiff did not serve an Affidavit of Merit as required under N.J.S.A. 2A:53A-29. (ECF Nos. 46, 47.) The Court has carefully considered the Parties' submissions and arguments. For good cause shown, the motion for reconsideration is denied.

## I. Background

The procedural history and factual background of this case were set forth in detail in this Court's September 11, 2014 Memorandum Opinion (ECF No. 46, Op. at 1-3), and the Court refers to that Memorandum Opinion accordingly rather than reciting the facts again here. At issue is Defendants' motion for reconsideration of this Court's September 11, 2014 decision denying the motion to dismiss for failure to provide an Affidavit of Merit as required under

[1] The moving Defendants are Center for Family Guidance, Francesco Russo, Margaret Hudak (incorrectly identified as Dr. Margaret Doe), Michael Ojelade and Sandra Evelyn, and hereinafter shall be referenced as the "CFG Defendants."

N.J.S.A. 2A:53A-29. In denying the motion, this Court found that Plaintiff had demonstrated grounds for this Court to apply both the extraordinary circumstances exception and the substantial compliance exception for an extension of time to submit an Affidavit of Merit. (Id., Op. at 6-10.) Specifically, this Court observed:

> ... the cumulative impact of Plaintiff's incarceration restricting his access to obtain medical advice, the late appointment of counsel, and the difficulty of counsel in obtaining medical records, suffice to warrant an extension of time. ...
>
> ... this Court finds that Plaintiff acted diligently given the restrictive confines of his incarceration and the late appointment of counsel. Plaintiff's counsel actively sought Plaintiff's medical records, which were not received until after Defendants' motion to dismiss was filed. Without complete medical records, Plaintiff was unable to obtain the expert medical advice necessary for an affidavit of merit as contemplated under the statute. Thus, it cannot be said that Plaintiff was "sleeping on his rights." *Abraham*[*v. Rothkopf*], [Civil No. 07-2254,] 2008 WL 3413850 at *4 [(D.N.J. Aug. 8, 2008)]. Moreover, Plaintiff has provided reasonable notice of his claim to the CFG Defendants by his complaint and his later rudimentary affidavit such that the CFG Defendants are not prejudiced by an additional extension of time to allow Plaintiff's compliance with the statute. Indeed, Plaintiff has demonstrated a desire to fulfill the requirements of the affidavit of merit statute. Consequently, this Court concludes that Plaintiff has substantially complied with the Affidavit of Merit statute and that circumstances exist that warrant relaxation of the statutory requirements.

(ECF No. 46, Op. at 9-10.)

On September 15, 2014, Defendants filed this motion for reconsideration of the Court's September 11, 2014 decision. (ECF No. 48.) Defendants argue that this Court erred (1) by treating Plaintiff differently than other *pro se* and/or indigent plaintiffs; (2) in raising and deciding issues of exceptional circumstances and substantial compliance *sua sponte* without giving the parties an opportunity to argue the issues; (3) in concluding that both exceptional circumstances and substantial compliance existed where Plaintiff admitted that his rudimentary Affidavit of Merit was not timely served and did not meet the requirements of the New Jersey statute; (4) granting relief that defeats the purpose of the Affidavit of Merit statute, which

requires proof of validity of claims through expert affidavit; and (5) granting an extension of time for service of an Affidavit of Merit *sua sponte*.

On October 6, 2014, Plaintiff filed an opposition to Defendants' motion for reconsideration. (ECF No. 49.) Plaintiff argues that Defendants' motion simply disagrees with this Court's September 11, 2014 decision, and fails to present any newly discovered evidence or previously presented case law that was ignored by the Court. Instead, Defendants are simply restating arguments that the Court had already decided. (*Id.*)

On October 8, 2014, Defendants filed a reply in support of their motion for reconsideration. (ECF No. 50.)

The Court notes that, on November 13, 2014, the Honorable Douglas E. Arpert, U.S.M.J., granted Plaintiff an extension of time to serve the Affidavit of Merit until November 19, 2014. (ECF No. 56.) On November 19, 2014, Plaintiff's counsel wrote to Judge Arpert seeking additional time until December 17, 2014, given the fact that Plaintiff's MRI was conducted on November 7, 2014, and Plaintiff was evaluated by an orthopedic surgeon on November 12, 2014. (ECF No. 57.) Defendants opposed the additional extension in a letter dated November 20, 2014. (ECF No. 58.) On November 25, 2014, Judge Arpert denied Plaintiff's request for an extension to file an Affidavit of Merit. (ECF No. 59.)

## II. Legal Standard Regarding Motions for Reconsideration

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996). "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling

decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp.2d 444, 456 (D.N.J. 2010) (citation omitted); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation omitted).

It is well settled that a motion for reconsideration is an extraordinary remedy and should be granted "very sparingly." *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp.2d 681, 683 (D.N.J. 2005); *Tehan v. Disab. Mgmt. Servs., Inc.*, 111 F. Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). The scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Lazardis v. Wehmer*, 591 F .3d 666, 669 (3d Cir. 2010); *Max's Seafood Cafe ex rel. Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Allah v. Ricci*, No. 08–1753(JAP), 2012 WL 4341207, *1 (D.N.J. Sep. 21 2012).

In short, the moving party seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)); *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010); *Bowers*, 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957

(citation omitted) (internal quotation marks omitted); *see also Summerfleld v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised ... before the original decision was reached.")

Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F.Supp.2d at 612 (citations omitted). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Clark v. Prudential Ins. Co. of America*, 940 F. Supp.2d 186, 2013 WL 1694451, * 2 (D.N.J. Apr. 18, 2013) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998).

## III. Analysis

This Court finds that Defendants' arguments for reconsideration simply state a difference of opinion from this Court's September 11, 2014 ruling. Defendants provide an arsenal of case law to support their unchanged position, but most of these cases were previously reviewed by this Court, several of which this Court expressly relied upon or rejected in reaching its decision. Indeed, this Court had concluded that the unique circumstances in Plaintiff's case differed greatly from those cases, which had been dismissed for lack of an affidavit of merit for insufficient reasons such as plaintiffs' inadvertence or counsels' request for time to review the matter. Moreover, as this Court noted in the September 11, 2014 decision, the Affidavit of Merit statute was not designed "to foster gamesmanship and elevate form over substance, but rather to promote a resolution of potentially meritorious claims on the merits." *Perez v. Turner*, Civil No. 11-6833, 2013 WL 3216147, *6 (D.N.J. Jun. 25, 2013) (citations omitted).

This Court also discounts Defendants' contention that Plaintiff was treated differently from other *pro se* and indigent litigants because he was given an extension of time to provide an Affidavit of Merit due to a delay in appointment of counsel. Counsel for Defendants argues that appointment of counsel is a privilege, not a right, and Plaintiff is obligated to abide by the rules of the Court as well as any other statutory requirement. However, noting *Perez, supra*, which found that a four-month delay in appointment of counsel, through no fault of plaintiff, was sufficient to excuse plaintiff's failure to timely file an affidavit of merit, this Court noted that a combination of factors, including Plaintiff's incarceration, late appointment of counsel, and counsel's difficulty in obtaining medical records, were sufficient to relax the strict time adherence in providing an affidavit of merit. (ECF No. 46, Op. at 8.)

Next, Defendants' argues that this Court decided issues of exceptional circumstances and substantial compliance *sua sponte* and wrongly. The law regarding strict compliance with the Affidavit of Merit statute cannot be read in a vacuum without regard to the four limited exceptions permitted to excuse a plaintiff's failure to comply with the statute. *See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum–Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012) (noting the "four limited exceptions" as follows: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii)" an exception predicated upon "substantial compliance with the affidavit-of-merit requirement;" or (iv) "'extraordinary circumstances' that warrant equitable relief"). This Court evaluated Plaintiff's excuses for an extension of the time to file an Affidavit of Merit, and after careful consideration of the unique circumstances presented by Plaintiff, this Court concluded that Plaintiff's failure to file a timely Affidavit of Merit was excused under both the doctrine of substantial compliance and the extraordinary circumstances exception. (ECF No. 46, Op. at 7-10.)

Without regard to the factors noted by the Court in its September 11, 2014 decision, Defendants merely contend that the Court's ruling was in error because Plaintiff conceded that his Affidavit of Merit was untimely and did not meet the requirements of the statute without making any effort to comply with the statute. This is an inaccurate assessment by Defendants' counsel. This Court had determined that Plaintiff demonstrated several exceptional factors impeding his ability, despite his diligence, to obtain an Affidavit of Merit. Moreover, Defendants attempt to shoehorn this case into a litany of cases with distinguishable factors from this action. Again, Defendants' arguments in this capacity are nothing more than a re-argument of its motion to dismiss, which is not permissible in a motion for reconsideration.

This Court finally rejects Defendants' claim that the Court *sua sponte* considered the exceptions of substantial compliance and extraordinary circumstances without giving Defendants an opportunity to address the issues. In fact, Defendants briefly addressed the issues of substantial compliance and extraordinary circumstances in their March 24, 2014 reply brief. (ECF No. 41.) Simply because Defendants did not give the arguments much heed in its reply brief does not preclude this Court's application of these exceptions in Plaintiff's stated circumstances in this case.

Therefore, where Defendants are merely re-hashing arguments disavowed by this Court, as set forth above, their motion for reconsideration is denied.

## IV. Further Delay in Providing an Affidavit of Merit

Nevertheless, this Court acknowledges Defendants new claim that Plaintiff has failed to provide an Affidavit of Merit within the 30-day time frame allowed by this Court in the September 11, 2014 Opinion and Order. On November 13, 2014, Judge Arpert granted Plaintiff an extension of time to file an Affidavit of Merit until November 19, 2014. (ECF No. 56.) In a

letter addressed to Judge Arpert's attention, Plaintiff's counsel sought another extension until December 17, 2014. (ECF No. 57.) Defendants opposed any further extension. (ECF No. 58.) On November 25, 2014, Judge Arpert denied Plaintiff's request, and allowed Defendants to renew their motion to dismiss accordingly. (ECF No. 59.)

Therefore, while this Court has denied Defendants' motion for reconsideration of the September 11, 2014 Memorandum Opinion and Order for the reasons stated above, Plaintiff's failure to provide an Affidavit of merit in the extension of time allowed by the Court until November 19, 2014, enables Defendants to re-file a motion to dismiss Plaintiff's Complaint for failure to provide an Affidavit of Merit as required under N.J.S.A. 2A:53A-29.

## V. Conclusion

For the reasons set forth above, it is hereby ordered that CFG Defendants' motion for reconsideration (ECF No. 48) of the September 11, 2014 decision of this Court is denied. However, given Plaintiff's failure to meet the November 19, 2014 extension to file an Affidavit of Merit, Defendants may renew their motion to dismiss the Complaint accordingly. An Order consistent with this opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 2/6/15