**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOMAS ARRINGTON, | Civil Action No. 13-1400 (MAS) |
| Plaintiff, | |
| v. | OPINION |
| MIDDLESEX COUNTY JAIL, et al., | |
| Defendants. | |

**Shipp, District Judge**

Plaintiff Jomas Arrington ("Plaintiff") brings suit under 42 U.S.C. § 1983, alleging that Defendants Francesco Russo, Margaret Hudak (identified as "Dr. Margaret Doe" in the Complaint), Sandy Evelyn, and Michael Ojelade ("Individual Defendants"), as well as Defendants Middlesex County Jail and Middlesex County Freeholders ("County Defendants") (collectively referred to as "Defendants"), violated his Eighth Amendment rights and committed medical malpractice. Presently before the Court are two motions filed by Defendants, one by the Individual Defendants for dismissal and for summary judgment (ECF No. 60) and one by the County Defendants for summary judgment (ECF No. 61) ("Motions"). Plaintiff has opposed the Motions. (ECF No. 62.) For the reasons stated below, the Court grants Defendants' Motions and enters judgment in favor of Defendants on all claims.

**I.    Background**

For the purposes of this Opinion, the Court views all facts in the light most favorable to Plaintiff, the non-moving party, and recites only relevant facts. Plaintiff is a state inmate currently confined at the Middlesex County Correctional Facility ("MCCF") in New Brunswick, New

Jersey. (Certification of Jomas Arrington ("Cert.") 1, ECF No. 62-1.) The incidents at issue in this action occurred during Plaintiff's incarceration at MCCF. (*Id.*)

On or about January 8, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Middlesex County, alleging that Defendants committed medical malpractice and violated his constitutional rights by failing to provide adequate medical care and refusing to treat Plaintiff. (*See* Compl., ECF No. 1-2.) According to Plaintiff, on April 18, 2012, he suffered injuries to his left knee, ankle, and back after a slip and fall at MCCF. (Cert. 2.) He received treatment and medication on several occasions from nurses and doctors employed by the Center for Family Guidance ("CFG"), including the Individual Defendants, but the intense pain and swelling in his left knee persisted. (*Id.*)

From April 2012 through the filing of the complaint, Plaintiff submitted numerous inmate requests for medical services. (*Id.*) On occasion, he was allowed to see doctors and nurses who he believed were employed by CFG. (*Id.*) However, the medication that had been prescribed for him proved ineffectual in reducing the swelling or pain in his left knee. (*Id.*) After more than a year of care, an x-ray and MRI were scheduled in May and June 2013, but these tests proved negative for any tears of ligament damage. (*Id.* at 2-3.) Plaintiff's swelling continued and the prescribed amoxicillin and ibuprofen did not provide any relief. (*Id.* at 3.) In August 2013, Plaintiff was examined by the medical staff at Robert Wood Johnson University Hospital ("RWJ") and was prescribed physical therapy and medication for his knee. (*Id.*) However, Plaintiff alleges that this prescribed treatment has been and continues to be denied to him. (*Id.*)

After the case was removed to this Court, Plaintiff was appointed counsel to represent him, and Plaintiff's current counsel has represented Plaintiff in this case since August 28, 2013. (Notice of Appearance by Brian Peter Scibetta, ECF No. 33.) On February 19, 2014, Defendants filed a

motion to dismiss Plaintiff's medical malpractice claims, arguing that those claims should be dismissed because Plaintiff failed to file an Affidavit of Merit, as required by state law, when a claim for professional malpractice has been asserted. (Defs.' Mot. to Dismiss, ECF No. 37.) In an Order and Opinion dated September 11, 2014 ("Prior Opinion"), the Court denied the motion, finding that extraordinary circumstances existed to excuse Plaintiff's failure to file an Affidavit of Merit. (Mem. Op. & Order, Sept. 11, 2014, ECF Nos. 46, 47.) The Court allowed Plaintiff thirty days to file an Affidavit of Merit. (*Id.*) After granting two extensions, the Court denied Plaintiff's third request for an extension to file an Affidavit of Merit, and granted leave for Defendants to file any appropriate dispositive motions. (*See* Order, Nov. 25, 2014, ECF No. 59.) On January 6, 2015, Defendants filed the instant Motions.

## II. Standard of Review

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004));

*Anderson*, 477 U.S. at 255; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operatin gEng'rs & Particpating Emp'rs*, 134 S. Ct. 773 (2014). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011).

### III. <u>Discussion</u>

As stated in the Prior Opinion, the Complaint asserts both state-law medical malpractice claims and Eighth Amendment claims against Defendants for their alleged failure to provide adequate medical care. (Prior Opinion 1-2.) In the Eighth Amendment claims, Plaintiff asserts that Defendants violated Plaintiff's Eighth Amendment rights by denying necessary medical services. The Court addresses the Eighth Amendment claims first.

#### A. **Eighth Amendment Claims**

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

Both the Individual Defendants and the County Defendants argue in their Motions that Plaintiff failed to establish the necessary elements of a denial of medical services claims. (*See* Individual Defs.' Brief 27, ECF No. 60-13; Cnty. Defs.' Summ. J. Br. 18, ECF No. 61-1.) Specifically, Defendants argue that Plaintiff cannot show Defendants were deliberately indifferent to Plaintiff's medical needs. (*Id.*) The Eighth Amendment proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care. *See*

*Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 328 (3d Cir. 2014), *rev'd on other grounds*, 135 S.Ct. 2042 (2015). Under *Estelle*, in order to state a valid claim for denial of medical care, an inmate must allege: (1) a serious medical need and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Barkes*, 766 F.3d at 321; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Mere allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah v. Hayman*, 442 F. App'x 632, 635-36 (3d. Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

To satisfy the first prong of the *Estelle* inquiry, the inmate must establish that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an eighth amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain or a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (citations and quotations omitted); *see Rand v. New Jersey*, No. 12-2137, 2015 WL 1116310, at *14 (D.N.J. Mar. 11, 2015); *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to demonstrate that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice

or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment." *Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d. Cir. 2013) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Here, at the summary judgment stage, the Court agrees with Defendants that Plaintiff has not presented sufficient evidence to establish the second prong of the *Estelle* test.[1] There is no indication in the record that Plaintiff was denied treatment for the swelling in his left knee. Although Plaintiff may not have received treatment every time he requested it, the record shows that treatments continued throughout the relevant time periods. The only "denial" of medical services claimed by Plaintiff is not actually a denial, but simply Defendants' refusal to adopt the treatment prescribed by RWJ, specifically, physical therapy and different medications. (*See* Cert.

---

[1] Plaintiff's theory of Eight Amendment liability, with respect to the County Defendants, is not clear from the complaint or Plaintiff's opposition brief. There is allegation, and Plaintiff does not point to any evidence suggesting, that the County Defendants were directly involved in Plaintiff's medical care. As such, the Court analyzes Plaintiff's claims against the County Defendants under the rubric of supervisory and/or municipal liability. Because such liability against the County Defendants necessarily turns on the actions of the Individual Defendants, Plaintiff's Eighth Amendment claims against the County Defendants hinge on the Court's analysis of the claims against the Individual Defendants. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."); *Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003) (holding that when there are no underlying constitutional violations found, it precludes supervisory and policy-making liability, because such a conclusion naturally follows from the principle that §1983 claims require personal involvement); *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 406 (W.D. Pa. 2012) ("Because [plaintiffs has not] pled an actionable due process violation, however, there can be no viable claim for policy-making liability as against [the defendant-supervisors]"). Therefore, the Court will address both groups of Defendants, and their Motions, simultaneously in its analysis.

3.) However, as the record indicates, the RWJ recommendations occurred *after* the filing of the Complaint; the Complaint was filed on January 8, 2013, and the RWJ examinations and recommendations occurred in August 2013. (*Id.*) Therefore, Plaintiff cannot rely on these recommendations in support of the claims asserted in the Complaint.[2] Instead, the record is devoid of any evidence that, prior to the filing of the Complaint, Defendants deliberately withheld recommended medical treatment from Plaintiff. Plaintiff may have disagreed with the treatments provided, but that mere disagreement does not state an Eighth Amendment violation. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Fantone v. Herbik*, 528 F. App'x 123, 125 (3d Cir. 2013) (quoting *U.S. ex rel. Walker v. Fayette Cnty, Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)); *see also Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *12 (D.N.J. Mar. 10, 2015) ("A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.").

Plaintiff could have demonstrated a cognizable Eighth Amendment claim if he had shown that Defendants persisted in their course of treatment without any medical justification, despite Plaintiff's consistent and repeated complaints to Defendants that the treatment did not work; that sort of persistence may amount to a deliberate indifference toward Plaintiff's medical needs. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). However, there is no evidence in the record here supporting such a theory. As stated above, additional tests were ordered in May and June 2013 to further diagnose Plaintiff's ailments, which did not show any structural damage to Plaintiff's left

---

[2] Although the Court previously granted Plaintiff leave to amend (*see* Order 2, Sept. 11, 2014, ECF No. 47), Plaintiff has not filed an amended complaint incorporating these post-filing allegations.

knee, and Plaintiff admits in his opposition that surgery was not recommended. (*See* Pl.'s Opp. Br. 7.) Although those tests occurred after the Complaint was filed, they are nevertheless probative here because they evince that, during the relevant time periods alleged in the Complaint, there was no structural damage in Plaintiff's knee. As such, there is no evidence that Defendants ignored Plaintiff's medical condition; to the contrary, they treated his conditions, and there is no record evidence showing that additional treatment was required. "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Bonadonna v. Zickefoose*, 601 F. App'x 77, 79 (3d Cir. 2015) (quoting *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). "Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Goodrich v. Clinton Cnty. Prison*, 214 F. App'x 105, 114 (3d Cir. 2007) (quoting *Pierce*, 612 F.2d at 763). Even if a "doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation." *White*, 897 F.2d at 110; *see Spruill*, 372 F.3d at 235.

Reviewing the record, Plaintiff has simply failed to make a sufficient showing of deliberate indifference to withstand summary judgment on his denial of medical services claims. Plaintiff submits a slew of exhibits with his opposition to the Motions, but the exhibits merely corroborate Plaintiff's assertion that he was diligent in his pursuit of medical care for his conditions, and that despite ongoing treatment by Defendants, the conditions persisted. The Court has viewed these facts in the light most favorable to Plaintiff, the non-moving party, for the purposes of this summary judgment ruling. Nevertheless, even where a defendant's course of treatment amounts to negligence and medical malpractice, to establish a *constitutional* violation, Plaintiff must show that the defendant was *deliberately indifferent* to Plaintiff's medical needs; that is, he must show

that the defendant *knew* the prescribed course of treatment was inadequate or ineffective, yet the defendant persisted in the treatment for non-medical reasons. Plaintiff has not done so. Therefore, the Court finds that Plaintiff has failed to "provide[] sufficient evidence to allow a jury to find in [his] favor at trial," *Gleason*, 243 F.3d at 138, and that the record does not support a finding that Defendants violated Plaintiff's constitutional rights. Accordingly, the Court grants summary judgment in favor of all Defendants on Plaintiff's Eighth Amendment claims.

### B. Medical Malpractice Claims

Next, Defendants assert a defense against Plaintiff's state-law medical malpractice claims, arguing that Plaintiff failed to file an Affidavit of Merit, as required by state law pursuant to N.J.S.A. 2A:53A-29. The Individual Defendants raise this defense on a motion to dismiss (*see* Individual Defs.' Mot. 2, ECF No. 60), while the County Defendants raise the defense on summary judgment *see* Cnty. Defs.' Summ. J. Br. at 7). As stated above, this is Defendants' second attempt to dispose of Plaintiff's medical malpractice claims on this ground, after Defendants were granted leave to file appropriate dispositive motions in an order issued by the Honorable Douglas E. Arpert, U.S.M.J., on November 25, 2014. (*See* Order, Nov. 25, 2014.)

The Third Circuit has held that a challenge based on a plaintiff's failure to file an Affidavit of Merit should be raised in a summary judgment motion, not a motion to dismiss. *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012). As such, the Court hereby converts the Individual Defendants' motion to dismiss to a summary judgment motion under Federal Rule of Civil Procedure 12(d).[3] The Court

---

[3] Federal Rule of Civil Procedure 12(d) states, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

finds that it may do so without giving Plaintiff additional notice and opportunity to respond. First, the County Defendants raise the identical defense in their summary judgment motion; thus, Plaintiff has already received notice and an opportunity to respond to this defense. Second, Plaintiff submits an affidavit outside of the pleadings in support of his opposition to the Motions, arguing that his failure to submit an Affidavit of Merit should be excused; thus, Plaintiff himself is relying on matters outside of the pleadings. The Third Circuit has held that the conversion of a motion to dismiss to a summary judgment motion without additional notice, when the non-moving party already had notice that the grounds raised could or would be raised in a summary judgment context, was appropriate. *See, e.g.,, Razzoli v. Dir., Bureau of Prisons*, 293 F. App'x 852, 855 (3d Cir. 2008); *Scott v. Graphic Commc'ns Int'l Union, Local 97-B*, 92 F. App'x 896, 902-03 (3d Cir. 2004); *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996). The Court now addresses both of Defendants' motions under the summary judgment standard.

The Court addressed in detail Defendants' Affidavit of Merit defense in its Prior Opinion (*see* Prior Opinion at 4), and therefore, the Court will not fully restate its holdings here. In short, the Court denied Defendants' previous motion because the Court found that extraordinary circumstances existed to excuse Plaintiff's failure to file an Affidavit of Merit. (*Id.* at 8-9.) Specifically, the Court found on September 11, 2014, that "the cumulative impact of Plaintiffs incarceration restricting his access to obtain medical advice, the late appointment of counsel, and the difficulty of counsel in obtaining medical records, suffice to warrant an extension of time." (*Id.*) As such, the Court allowed Plaintiff thirty days to file an Affidavit of Merit. (*Id.* at 10.) Since then, Judge Arpert has given Plaintiff great latitude and granted Plaintiff two extensions to file an Affidavit of Merit. (*See* Letter Order, Oct. 10, 2014, ECF No. 53; Letter Order, Nov. 13, 2014, ECF No. 56.) Plaintiff, however, again sought an extension on November 19, 2014. (Letter

from Pl.'s Counsel, ECF No. 57.) Judge Arpert denied the third request for an extension, finding that "over 600 days have passed since the filing of Defendants' Answer on March 8, 2013 whereas the Affidavit of Merit statute, N.J.S.A. 2A:53A-37, allows a maximum of 120 days. Further . . . this is Plaintiff's third request for an extension of time to serve an Affidavit of Merit." (Order 1, Nov. 25, 2014.)

> According to the Affidavit of Merit statute,
>
> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27. Failure to file a timely Affidavit of Merit generally "requires dismissal of the action with prejudice." *Nuveen*, 692 F.3d at 305; *see also* N.J.S.A. 2A:53A-29 (setting forth the consequence for a plaintiff's failure to provide an Affidavit of Merit). However, "four limited exceptions[,]" where applicable, excuse a plaintiff's failure to comply with the Affidavit of Merit statute. *Id.* The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception"; (iii) an exception predicated upon "substantial compliance with the affidavit-of-merit requirement"; or (iv) "'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

Here, Plaintiff seems to rely on his own February 24, 2014 certification to excuse his failure to file an Affidavit of Merit, which is the exact same certification Plaintiff filed in opposing Defendants' first motion to dismiss. (*Compare* Certification of Jomas Arrington, ECF No. 40-2 *with* Cert.) The Court interprets this resubmission of the certification as Plaintiff invoking the same "extraordinary circumstances" exception that he asserted in opposition to Defendants' first

motion to dismiss. However, since that time, the extraordinary circumstances that excused Plaintiff's prior failure to file an Affidavit of Merit no longer exist. Plaintiff has been represented by counsel since at least August 28, 2013, more than a year before Judge Arpert denied Plaintiff's request for his third extension, yet Plaintiff still has not filed an Affidavit of Merit after the Court allowed him an opportunity to do so, despite Judge Arpert's grant of two extensions. Because Plaintiff has not pointed to any new basis that would support a finding of extraordinary circumstances, the Court finds that Plaintiff has simply failed to comply with the state-law requirement to file an Affidavit of Merit and, therefore, has failed to establish an essential element of his medical malpractice claims under state law. *See Seldon v. Rebenack, Aronow & Mascolo, LLP*, 541 F. App'x 213, 215 (3d Cir. 2013) (holding that failure to provide an Affidavit of Merit under New Jersey law warrants dismissal). As such, the Court grants summary judgment in favor of all Defendants on Plaintiff's state-law medical malpractice claims. *Celotex*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

### IV. Conclusion

For the reasons set forth above, the Motions are GRANTED, and judgment is entered in favor of Defendants on all claims.

        s/ Michael A. Shipp
        **MICHAEL A. SHIPP**
        **UNITED STATES DISTRICT JUDGE**

Dated: August 31, 2015